UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────

UNITED STATES OF AMERICA,

        -against-

JOHN CERBONE,

        Defendant.

──────────────────────────────

MEMORANDUM & ORDER

15-CR-223 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant John Cerbone's *pro se* motion for early termination of supervised release. (Mot. f. Early Term. ("Mot") (Dkt. 33).) The Government has filed a memorandum in opposition. (*See* Gov't Opp. (Dkt. 35).) For the reasons stated below, Cerbone's motion is DENIED.

I.   BACKGROUND

During the spring and summer of 2012, Cerbone sold cocaine to an individual working with law enforcement (the "CW"). (Presentence Investigation Report ("PSR") (Dkt. 20) ¶¶ 4-7.) Cerbone also sold 94 pills of oxycodone and one pound of marijuana to the CW in February 2013, and also provided a single sample of Adderall (an amphetamine) in April 2015. (*Id.* ¶¶ 8, 18.) Cerbone further agreed to launder narcotics proceeds for the CW. (*Id.* at 2.) As part of their laundering scheme, the CW gave Cerbone cash from drug sales in exchange for checks in equivalent amounts, less fees, made out to a corporate entity where the CW could supposedly access the funds. (*Id.* ¶¶ 9-10.) The CW ultimately gave Cerbone six separate sums of cash between March and May of 2015. (*Id.* ¶ 10.) Cerbone also added the CW to the payroll of a plumbing company to conceal illicit earnings. (*Id.* ¶ 9.)

1

Cerbone was arrested over this conduct on May 11, 2015. On July 8, 2015, he pleaded guilty to (1) Distribution of 500 Grams or More of Cocaine, and Distribution of Marijuana, Oxycodone, and Amphetamines, all in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B) as well as (2) Money Laundering, in violation of 18 U.S.C. § 1956(a)(3)(B). (*Id.* at ¶ 1.) On November 17, 2015 this court sentenced Cerbone to 70 months' imprisonment on each of the counts, to run concurrently, and a total of four years' supervised release. (Judgment (Dkt. 25) at 2-3.) Cerbone began supervision on January 10, 2020. (Gov't Opp. at 3.) On August 19, 2021 he moved *pro se* for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). (*See generally* Mot.) The Government and Probation Department both oppose Cerbone's motion. (Gov't Opp. at 3.) Cerbone has served approximately 39 months of a 48-month term of supervision.

## II. LEGAL STANDARD

Section 3583(e) provides that the court may, after considering a subset of the factors listed in 18 U.S.C. § 3553(a) "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1). "Early termination, however, is not warranted as a matter of course." *United States v. Mejia Gonzalez*, No. 09-CR-719 (NGG), 2022 WL 1036630, at *2 (E.D.N.Y. Apr. 6, 2022).[1] "Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." *United States v. Bastien*, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015.) "Occasionally, changed circumstances-for instance, exceptionally good behavior by the defendant . . . will

---

[1] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of § 3553(a)." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Filocomo*, No. 02-CR-307-31 (NGG), 2022 WL 118735, at *1 (E.D.N.Y. Jan. 12, 2022).

### III. DISCUSSION

Cerbone cites his compliance with the terms of his release as the basis for early termination of supervision. In particular, he notes that he has passed all drug tests, not possessed any controlled substances, paid his assessment in full, avoided additional federal or state criminal charges, and stayed on schedule to complete restitution payments. (Mot. at 1-2.) Cerbone has also remained gainfully employed, "continued his religious participation as part of his rehabilitation," and mended relationships with his family. (*Id.*)

The court commends Cerbone's compliance with the terms of his supervision and efforts to get his life back on track.

But this alone does not warrant termination of supervised release. *Bastien*, 111 F. Supp. 3d at 321. Compliance with the terms of supervision is expected and does not, on its own, justify early termination. *Id.* Cerbone moves entirely on this basis, effectively asking the court for early termination as a matter of course. The court cannot grant a § 3583(e)(1) motion on these grounds. *Id.* Cerbone has also not detailed any new or changed circumstances. The court thus has no reason to believe that the sentence it imposed in 2015 was "too harsh" or "inappropriately tailored to serve the general punishment goals of § 3553(a)." *Lussier*, 104 F.3d at 36.

IV. CONCLUSION

The court is encouraged by Cerbone's compliance with the terms of his supervised release and his apparent efforts to lead a productive and law-abiding life. However, the factors that guide any decision to modify a term of supervision do not favor early termination here. Accordingly, Cerbone's motion for early termination of supervised release is DENIED. The Government is DIRECTED to inform the Probation Department and Cerbone.

SO ORDERED.

Dated:   Brooklyn, New York
         April 20, 2023

                                        s/Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge